IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CORNELL WILLIAMS | : | |
| | : | |
| v. | : | CRIMINAL NO. L-98-0258 |
| | : | CIVIL NO. L-04-2840 |
| UNITED STATES OF AMERICA | : | |

**<u>MEMORANDUM</u>**

Pending is Petitioner Cornell Williams's ("Williams") *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court will, by separate order, SCHEDULE a hearing on one claim and DENY the remaining claims.

**I. Background**

On June 24, 1998, the Government charged Williams and others with conspiracy to distribute a mixture containing cocaine base, in violation of 21 U.S.C. § 841(a).[1] After a five-week trial, a jury convicted Williams and his co-defendants. On February 9, 2001, the Court sentenced Williams to twenty years' imprisonment and five years' supervised release.

Williams noticed an appeal to the United States Court of Appeals for the Fourth Circuit. On May 22, 2003, the Court of Appeals affirmed Williams's conviction.[2] The Supreme Court denied certiorari on October 6, 2003.

On September 1, 2004, Williams filed the instant motion, arguing that his sentence

---

[1] 21 U.S.C. § 846 (2005).

[2] <u>United States v. Stokes</u>, 64 Fed. Appx. 352 (4th Cir. 2003).

1

should be vacated. He makes the following contentions:

> (i) His counsel, Harvey Greenberg, Esq. ("Greenberg") was ineffective, because he:
>
>> (a) participated in teleconferences with the Court and other counsel without Williams present,
>>
>> (b) failed to advise Williams adequately about the government's plea offer,
>>
>> (c) failed to object to Williams's sentence under Apprendi,
>>
>> (d) failed to discuss the Presentence Report ("PSR") with Williams before sentencing, and
>>
>> (e) failed to request a revised PSR, and
>
> (ii) The Court erred in failing to ask Williams at sentencing if counsel had discussed the PSR with him.

## II.     Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are evaluated under the Strickland two-prong test, which requires Williams to show (i) that counsel's performance was deficient, and (ii) that counsel's deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish the first prong, Williams must produce evidence that his counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." Id. As for the second prong, Williams must show that but for his attorney's deficient performance, the result of the proceedings would have been different. See id. The Court can address either the effectiveness or prejudice prong first, and if it finds that Williams cannot satisfy one of the prongs, the Court's inquiry ends and the petition is dismissed. Id. at 697.

### A.     Teleconferences

Williams first claims that Greenberg was ineffective because he participated in conference calls with the Court and other counsel on June 3, 1999, June 17, 1999, October 24,

2000, and November 16, 2000, without Williams. Williams claims that he was deprived of "any means of giving advice or suggestions to his counsel respecting the ultimate decision with regard to the conferences." Mot. at 10.

This claim fails because Williams has not shown that Greenberg acted improperly. Federal Rule of Criminal Procedure 43(b)(3) provides that the defendant need not be present when the proceeding involves "only a conference or hearing on a question of law."

The teleconferences concerned questions of law. On June 3, 1999, the Court issued rulings on a number of motions, and the parties discussed several other issues, including the need for handwriting experts, stipulations to chemical analyses of drugs and an autopsy report, and the admissibility of evidence.

The October 24, 2000 and November 16, 2000 calls concerned Williams's motion for a new trial. The foundation of this motion was that Timothy Forney, a witness who was unavailable during the first trial, was available for a second trial and allegedly could provide exculpatory testimony. The purpose of the October 24th hearing was to set the parameters for a hearing on Forney's Fifth Amendment privilege. Counsel debated the necessity of holding such a hearing, given that Forney had already told his attorney that he would invoke his Fifth Amendment privilege. On November 16th, the Court issued an oral opinion denying the motion for a new trial. The parties also discussed logistical matters.

Williams was represented by Greenberg during all of these calls.[3] He has not alleged

---

[3] The Court has no record of a teleconference on June 17, 1999, which was the sixth day of trial. Williams may be referring to a teleconference that took place on July 17, 2000. The purpose of this call was to ask Forney's trial counsel, William Purpura, if Forney intended to invoke the Fifth Amendment. Purpura did not join the call. After a brief discussion, the Court stated that it would appoint Purpura to determine whether Forney would invoke his

that he asked to participate and Greenberg refused to request that the issues be discussed in open court with Williams present.

Even if Williams could satisfy the performance prong of the Strickland analysis, he has failed to show that his presence would have altered the outcome of the case. Instead, he offers only a vague claim that he might have been able to offer Greenberg advice or assistance. This is insufficient to establish prejudice. Accordingly, this claim fails.

**B.     Plea Offer**

On Thursday, July 8, 1999, Assistant United States Attorney Robert Harding passed a note to Greenberg offering to recommend a 10-point reduction from a base level of 43, with an enhancement for a gun being cancelled out by Williams's acceptance of responsibility.[4] The note requested a decision by the next morning. At Greenberg's request, Harding moved the deadline to Saturday, July 10, 1999 at 10 a.m.[5]

Williams, in his motion, and Greenberg, in his affidavits, give differing accounts of their discussions about the plea offer. Williams alleges that Greenberg failed to (i) tell him that the plea offer was going to expire, (ii) advise him concerning the sentence he might face if convicted, and (iii) recommend a course of action. Williams claims that, but for these errors, he would have pled guilty.

Greenberg, in his affidavits, states that he discussed the offer, including the expiration

---

Fifth Amendment rights.

[4]     With an offense level of 33 and a criminal history category of I, the guidelines range would have been 135-168 months' imprisonment.

[5]     The Government claims that this was not a binding offer, but a "prediction of what the government would try to get authorization for." Govt. Resp. at 16.

date, with Williams. He was uncertain, however, "how the sentence level would be calculated if [the] sentence were calculated . . . on drug quantity under 2D1.1." He states that he was unable to get clarification from the government. In light of these uncertainties, "Williams did not want to simply change his plea to guilty, at that time, under those circumstances. [Greenberg's] recollection is that [he] did not disagree with this decision." Govt. Resp., Ex. A.

The Court will hold a hearing on this factual dispute.[6] At the hearing, Greenberg and Williams will testify to the following issues:

    (i)    Did Greenberg tell Williams that the plea offer was going to expire?

    (ii)    Did Greenberg advise Williams concerning the sentence he might face if convicted?

    (iii)    Did Greenberg advise Williams of the sentence he might face if he took the government's plea offer?

    (iv)    Did Greenberg recommend a course of action?

The government should be prepared to address the following questions:

    (i)    From the government's perspective, did Harding place on the table a plea offer that was susceptible to acceptance?

    (ii)    If so, (a) what additional terms required agreement between Williams and government, and (b) what approvals, if any, were required in order to implement any agreement, and were they in place?

If there are factual disagreements involving the plea offer, Harding may be required to testify. Counsel for Williams[7] should confer with Harding about whether Harding will testify

---

[6] See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

[7] The Court will appoint counsel to represent Williams at the hearing.

5

and whether this will require him to step aside. If Mr. Harding will be disqualified, he should arrange for other counsel to represent the government at the hearing.

    **C.**    **Apprendi Violation**

Williams argues that Greenberg was ineffective for failing to argue under Apprendi v. New Jersey[8] that Williams's sentence was invalid. Williams claims that his sentence exceeded the statutory maximum even though the jury made no finding about drug quantity. Greenberg, in fact, argued this issue at length, and Williams was ultimately sentenced to the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C) for conspiracy to distribute a substance containing a detectable amount of cocaine base (240 months' imprisonment).[9] Accordingly, his sentence does not violate Apprendi, which only applies to drug quantities that increase the statutory maximum, and Greenberg did not render ineffective assistance.

---

    [8]    530 U.S. 466 (2000).

    [9]    Williams argues that the statutory maximum was 16 months, which, according to his calculations, was the maximum guidelines sentence he could receive without a jury finding of drug quantity. He relies on Blakely v. Washington, 542 U.S. 296 (2004), for the proposition that counsel's deficient performance allowed the Court to violate his constitutional rights by increasing his offense level under the United States Sentencing Guidelines based on facts not considered by the jury or charged in the indictment. Although Williams does not cite to United States v. Booker, 543 U.S. 220 (2005), which extended Blakely to the federal sentencing guidelines, the Court will assume that he also relies on Booker.

    The Fourth Circuit has held that the rule announced in Booker "is not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker (or Blakely) was decided." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006). Williams was sentenced prior to the Supreme Court's decisions in Blakely and Booker. Accordingly, the Booker rule does not apply retroactively to Williams's sentence. Moreover, Greenberg was not ineffective for failing to make a Booker-type argument. It is a well-established principal that counsel need not predict future changes in the governing law to be judged competent. Strickland, 466 U.S. at 668, 689 (1984).

### D.     The Presentence Report (PSR)

Williams argues that Greenberg was ineffective because (i) he failed to review the PSR with Williams, and (ii) he failed to request revisions to the PSR.  Williams argues that but for these deficiencies, the Court would have ordered the probation officer to correct alleged errors in the PSR.

Williams points to two types of errors in his PSR.  He first claims that some of the offense conduct is inaccurate, although he never identifies the offense conduct he disputes.  He also notes that the probation officer calculated Williams's sentence under 21 U.S.C. § 841(b)(1)(A)(ii), which applies when a conspiracy involves 5 kg or more, instead of 21 U.S.C. § 841(b)(1)(C), which does not require a jury finding of drug quantity.  As discussed, the Court sentenced Williams under 21 U.S.C. § 841(b)(1)(C) to avoid an Apprendi issue.

The only prejudice that Williams alleges is that the inaccurate information in the PSR has affected his severity rating with the Bureau of Prisons.  He has not claimed any error of constitutional proportions.  See Bingham v. United States, 2005 WL 1667684 (E.D.Va) (unpublished); see also United States v. Brown, 221 F.3d 1336 (6th Cir. 2000) (Table).  He has not, for example, claimed that but for the alleged deficiencies in Greenberg's performance the outcome of his sentencing  would have been different.  Accordingly, these claims fail.

### III.    Alleged Noncompliance with Rule 32(c)(3)(A)

Finally, Williams argues that the Court erred because it failed to verify that Greenberg had reviewed the PSR with Williams, as required by Federal Rule of Criminal Procedure

32(c)(3)(A).[10] This claim fails because, as discussed above, Williams has not alleged any prejudice of constitutional proportions.[11]

**IV. Conclusion**

For the reasons stated herein, the Court will, by separate order:

(i) SCHEDULE a hearing on Williams's claim that Greenberg provided ineffective assistance with respect to the plea offer. The hearing will take place on <u>July 17, 2007 at 2 p.m. in Courtroom 7A</u>. The government should arrange for Greenberg's presence.

At the hearing, Greenberg and Williams will testify to the following issues:

(a) Did Greenberg tell Williams that the plea offer was going to expire?

(b) Did Greenberg advise Williams concerning the sentence he might face if convicted?

(c) Did Greenberg advise Williams of the sentence he might face if he took the government's plea offer?

(d) Did Greenberg recommend a course of action?

The government should be prepared to address the following questions:

(a) From the government's perspective, did Harding place on the table a plea offer that was susceptible to acceptance?

(b) If so, (1) what additional terms required agreement between Williams and government, and (2) what approvals, if any, were required in order to implement any agreement, and were they in place?

---

[10] At the time of Williams's sentencing, Rule 32(c)(3)(A) directed courts to "verify that the defendant and defendant's counsel have read and discussed the presentence report." Courts were not required to ask a defendant if his attorney had reviewed the PSR with him so long as it could infer that such a discussion had taken place. See <u>United States v. Lockhart</u>, 38 F.3d 86, 88 (4th Cir. 1995). The government did not brief this claim. Accordingly, the Court is unable to determine whether Williams's claim is factually accurate.

[11] Although it is not clear that Williams intended to raise this claim, the Court will address it because it is required to construe Williams's motion liberally.

(ii) DIRECT the CJA Supervising Attorney to APPOINT counsel to represent Williams at the hearing on the limited issue outlined in paragraph (i),

(iii) ORDER counsel to submit a joint status report no later than June 22, 2007, addressing whether Harding will be disqualified as counsel,

(iv) DENY Williams's § 2255 motion with respect to his other claims, and

(v) DIRECT the Clerk to MAIL a copy of the Order and Memorandum to Williams.

Dated this 30th day of May, 2007.

/s/
Benson Everett Legg
Chief Judge